{¶ 15} I must respectfully dissent, for I believe the majority and the trial court have applied an inappropriate standard of review in this matter. The United States Supreme Court has held that an individual, when approached by a police officer, is well within his rights to go about his business.[1] I believe we are on a constitutionally impermissible, slippery slope when we modify that right.
 {¶ 16} This court clearly defined the different levels of encounters that are permissible between police and citizens in State v. Adams, where we held:
 {¶ 17} "Contact between the police and citizens fall within three main types: (1) a consensual encounter; (2) a brief detention pursuant toTerry v. Ohio;[2] and (3) a full fledged arrest.[3] An officer may approach an individual in a street or other public place for the purposes of a consensual encounter. A consensual encounter is not a seizure, so no Fourth Amendment rights are invoked.[4] The individual must be free to terminate the consensual encounter or decline the officer's request.[5]
A Fourth Amendment seizure has taken place `only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'[6]
 {¶ 18} "* * *
 {¶ 19} "Police may approach an individual, engage in conversation, and request identification, all under the purview of a consensual encounter.[7] The Supreme Court has identified a variety of factors that may cause an encounter between the police and a citizen to lose its consensual character.[8] Among the factors are the presence of multiple police officers, the displaying of a weapon by the police, the use of language suggesting that compliance with police requests is compelled, and the physical touching of the citizen.[9] An encounter that is consensual at the outset can transform into a Fourth Amendment seizure if the police utilize one or more of these coercive tactics.[10]
 {¶ 20} "The second category is the investigatory detention, otherwise known as a `Terry stop.' A Terry stop occurs when a police officer justifiably conducts an investigative stop of an individual based upon a reasonable and articulable suspicion that the individual is engaged in criminal activity."[11],[12]
 {¶ 21} The majority incorrectly determines that the officer was justified in stopping Hull because Hull walked and, then, ran away.
 {¶ 22} I believe the record in this matter was clear that the "encounter" began with Officer Koski shouting "Stop, Police." At that point, a reasonable individual would not believe he is free to leave. Thus, the situation was not a consensual encounter but, rather, a Terry
stop. Therefore, Officer Koski needed an articulable, reasonable suspicion that criminal conduct was occurring prior to ordering Hull and his companion to stop. What occurred after the "stop, police" order was given is irrelevant for determining whether the officer had justification to initiate the stop.
 {¶ 23} I acknowledge that the United States Supreme Court has held that "unprovoked flight" from a police officer in a high-crime area constitutes reasonable suspicion to substantiate a stop.[13] The court reasoned that "headlong flight" is an evasive act, suggestive of wrongdoing. Further, the Supreme Court held that "unprovoked flight" is not "going about one's business."[14]
 {¶ 24} By definition, "unprovoked flight" occurs prior to an officer's order to "stop, police." Officer Koski testified that Hull began to runafter he gave the "stop, police" order. He testified that Hull was "walking quickly" prior to the "stop, police" order. Accordingly, any evidence that Hull was running should not be considered in the "unprovoked flight" analysis.
 {¶ 25} The question becomes, at what speed do one's movements become "unprovoked flight"? Is it walking, walking quickly, jogging, skipping, running, or is an all-out "sprint" required? I do not know the answer to this question. However, walking, even quickly, is not "unprovoked flight." To hold otherwise would contravene the holding of Florida v.Bostick, which established a constitutional right to go about one's business when approached by the police for a "consensual" encounter.[15]
When an individual is walking on a public street, "going about one's business" would be to continue walking away from the questioning officer.[16]
 {¶ 26} The facts of this case are that a vehicle dropped off Hull at the curb in front of an apartment building. Presumably, Hull and his companion did not intend to remain standing on the curb. Rather, they were walking away from the place they exited the vehicle. Such actions clearly meet the definition of "going about their business." The fact they noticed a police officer does not transform their act of walking from "going about their business" to "unprovoked flight."
 {¶ 27} As a matter of law, I would hold that the trial court erred in overruling the motion to suppress. Absent some evidence of criminal activity, I believe individuals on public streets are free to walk away from police officers at whatever speed they deem appropriate. It is important to note that the police officer in this matter, unlike the officer in Adams, was not conducting an investigation of a known crime. As such, he did not have the authority to violate Hull's constitutional rights and command him to halt or stop.
[1] Florida v. Bostick (1981), 501 U.S. 429, 434.
[2] Terry v. Ohio (1968), 392 U.S. 1.
[3] State v. Long (1998), 127 Ohio App.3d 328, 333.
[4] Florida v. Bostick, supra.
[5] Id. at 439.
[6] United States v. Mendenhall (1980), 446 U.S. 544.
[7] Florida v. Bostick, 501 U.S. at 434-435.
[8] United States v. Mendenhall, 446 U.S. at 554.
[9] Id.
[10] Willowick v. Sable (Dec. 12, 1997), 11th Dist. No. 96-L-189, 1997 Ohio App. LEXIS 5562, at *11.
[11] Terry v. Ohio, 392 U.S. at 21.
[12] State v. Adams, 11th Dist. No. 2003-L-014, 2004-Ohio-3852, at ¶ 12-15.
[13] See Illinois v. Wardlow (2000), 528 U.S. 119, 124-125.
[14] Id.
[15] Florida v. Bostick, 501 U.S. at 434.
[16] Id. at 435.